### THOMPSON vs. CHAUVEAU & AL.

APPEAL from the court of the parish and city of New-Orleans.

**An officer, sued as a trespasser, in a sale on a *fi. fa.* may cite the party by whose directions he acted, and who gave a bond of indemnity.**

MARTIN, J. delivered the opinion of the court. The defendant, marshal of the city court of New-Orleans, is sued for a trespass, committed by the illegal seizure and sale of the plaintiff's house and lot. He justified under several suits of *fi fa*, and prayed that the plaintiffs in these suits, by whose order, and under whose bonds of indemnity he acted, might be cited to defend him; they accordingly were, and their answer justifies the seizure and sale, and avers that the plaintiff purchased the premises in fraud of their rights.

**A case will not be remanded, because irrelevant testimony was received.**

**A witness is not to be rejected, because he is a creditor of the estate of the defendant's ancestor.**

**Nor because, having a mortgage on a tract of land purchased by the plaintiff, he received from the latter part of the price, in payment of his debt, and released his right on the mortgage.**

The plaintiff moved that so much of the answer of the orign'l defendant as related to bringing in these new parties, should be stricken out. It was accordingly ordered, and he appealed from the order. The cause however, proceeded to ju gment, which was for the plaintiff, and the defendant appealed.

The plaintiff now took a rule on Buckman, one of the interveni g parties, and the purchaser of the premises, to shew cause why a writ of possession should not issue against him on shewing cause: the rule was discharged, and the plaintiff appealed.

Both parties have brought up the record, and the appeals are submitted together.

Our attention is first arrested on several bills of exceptions.

1. The first is taken by the defendants to the admission of Preval as a witness, on the ground of the irrelevancy of the testimony offered. The consequence of the court's error, if it erred, was the loss of time in hearing immaterial testimony. It would be aggravated, if to correct the error the case was remanded, for we cannot comprehend how the absence of immaterial testimony would lead the inferior court to a different conclusion.

2. The next is taken by the defendant to the opinion of the court in rejecting Orr, offered as a witness, on the score of interest. This witness on his *voir dire* declared, he considered himself a creditor of the estate of M'Dermott, whose heirs were defendants in the suit in which the *fi fa's* had issued, but he thought he had no in-

*Eastern Dist.*
*Feb'ary 1828.*

THOMPSON
*vs.*
CHAUVEAU.

The defendant on a *fi. fa.* on which land was sold is not a good witness in a suit for the rescision of the sale.

The order of a court of probates for appointing a curator, is evidence of that appointment, between persons not parties thereto.

When a document is legal evidence of a fact, and not of another, and the trial is before the courts, it must be read, and the party may afterwards make his objections.

He who claims under a sale on a *fi. fa.* is bound to produce the writ and judgment, but no other part of the record of the suit.

Eastern Dist.
Feb'ary 1828.

THOMPSON
vs.
CHAUVEAU

terest in the suit, because he believed the estate amply sufficient. We are of opinion he was improperly rejected. *Hughes* vs. *Lawes*, 6 *Martin* 502.

3. The third is taken by the plaintiff to the introduction of Clark and Grymes as witnesses on the score of interest.

To repel Clark, reference is made to the deed of sale by which the plaintiff purchased the premises from M'Dermot's daughter, the wife of Grymes. It thereby appears, that Grymes and wife acknowledged the receipt of part of the price, by a release of a mortgage of the premises which Clark had, he having received payment from the vendee, the present plaintiff.

We are of opinion the court did not err by admitting him.

The parties brought in by the original defendant, avail themselves of their being cited, by filing a petition of reconvention to demand the rescission of the sale under which the plaintiff claims. Grymes and wife are the parties defendant in the *fi fa's*, on which the sale took place. If the sale be set aside, the present plaintiff will have an action against Grymes' wife, and the judgment of rescission would be

*prima facia* evidence against her: Grymes has therefore an interest in support of the plaintiff's title, and the court erred in admitting him.

4. The fourth bill is taken by the plaintiff to the admission in evidence of the proceedings in the court of probates on the appointment of Gainie as curator of M'Dermot's daughter, Grymes' wife. The objection is stated to have been because these proceedings are *res inter alias acta.* This may be, but we cannot see what other legal evidence could be adduced of the appointment of a curator. We do not think the court erred.

5. A bill is taken by the plaintiff to the introduction of the defendant's bill of sale as marshal, to the plaintiff, of the premises, to prove any thing but the adjudication—on the ground that it was no evidence of title in the vendee because not duly registered.

This objection admits the legality of the evidence for a certain purpose. Had the case been before a jury, the party objecting to it on evidence for other purposes, ought to have requested the judge to charge the jury accordingly—but when the case is tried by the court, the deed must be read if it be evidence of any fact material to the issue, and the party may after-

wards argue against it being used to establish other facts.   We do not think the court erred in admitting the document in evidence.

6. The last bill was taken by the plaintiff to the introduction in evidence of the judgment of one of the intervening parties against the heir of M'Dermott, on the ground of its being as to the parties in the present suit *res inter alias acta.*   This may be, but he who claims under a sale on a *fi fa* may, indeed must, produce the judgment on which this writ issued, to justify the sale.

The judgment is also objected to on the ground that the certificate at the foot of the record does not state that it contains all the proceedings in the case.   The objection is untenable: he who claims under a sale of a *fi fa* is only bound to produce the judgment on which it issued.   When a case comes up to this court after a trial, entirely on documental evidence, the certificate ought to certify that the record contains all of it—but in other cases, the certificate is only that the copy is a true one.

We do not think the court erred.

As legal evidence has been rejected, this prevents an examination of the case on the merits, and compels us to remand the case.

Eastern Dis.
Feb'ary 1828.

THOMPSON
vs.
CHAUVEAU.

We think the court erred in directing that part of the original answer which related to the bringing in of the plaintiffs in the *fi fa*, to be stricken out. The marshal had a right to demand that they should defend him, and on their failing, judgment should be given against them. This case is in this respect perfectly analogous to that of Lafonta vs. Poutz, determined at the last term.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed, and the case remanded for trial, with directions to the parish judge to allow the part of the answer stricken out to be reinstated—not to reject the testimony of Orr on the score of interest, and not to admit that of Grymes; and it is ordered that the plaintiff pay costs in this court.

*Nixon* for the plaintiff, *Canon* for the defendant.

